UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JANIS BRADDY,

        Plaintiff,

v.                                  Case No: 6:15-cv-119-Orl-28GJK

INFINITY ASSURANCE INSURANCE
COMPANY,

        Defendant.
_____

# ORDER

Plaintiff, Janis Braddy, sues Defendant, Infinity Assurance Insurance Company, her former automobile insurer, seeking relief related to an automobile accident. (See Compl., Doc. 2). Defendant moves to dismiss the case for failure to state a cause of action. (Mot. Dismiss, Doc. 8). Because Plaintiff has adequately stated a claim for relief, Defendant's motion must be denied.

**I.   Background[1]**

Plaintiff applied for and was issued an automobile insurance policy from Defendant. (Compl. ¶¶ 4-13). Plaintiff alleges that she met with Defendant's agents to discuss an application for automobile insurance and the agents completed the application for her. (Id. ¶¶ 4 & 6). According to Plaintiff, she told the agents "all relevant facts and circumstances

---

[1] The Background section contains facts as stated in the Complaint and accepted as true for purposes of the motion to dismiss.

related to Michael Braddy," (id. ¶ 5), but the agents did not put his name on the application,[2] (id. ¶ 7; see also Appl. for Insurance, Ex. A to Compl., Doc. 2-1, at 1). Plaintiff initialed and signed several parts of the application. (Appl. for Insurance; see also Compl. ¶¶ 9-10;). The agents accepted the application, and Defendant issued Plaintiff a policy. (Compl. ¶ 11-13; see also Appl. for Insurance; Insurance Policy, Ex. B to Compl., Doc. 2-2).

Subsequently, Michael Braddy was involved in an automobile accident while driving a vehicle covered by the policy in question. (Compl. ¶ 15). Plaintiff submitted a claim to Defendant, but Defendant denied Plaintiff's claim and rescinded the policy, stating that Plaintiff "failed to notify [Defendant] of Michael Braddy." (Id. ¶¶ 15-17). Plaintiff was sued because of the accident, and Defendant did not defend Plaintiff or pay any claims. (Id. ¶¶ 33-34).

Plaintiff sued Defendant in state court, alleging four counts—insurance code violations (Count 1), breach of duty of good faith and fair dealing (Count 2), breach of contract (Count 3), and breach of fiduciary duty (Count 4). (Id. ¶¶ 42-60). Defendant removed the case to this Court, (Notice of Removal, Doc. 1), and filed a motion to dismiss the complaint, (Doc. 8). Defendant argues that it could validly rescind Plaintiff's insurance policy because Plaintiff did not disclose that Michael Braddy was a prospective insured and that thus the case "is based on a contractual relationship . . . that does not exist." (Mot. Dismiss ¶¶ 1, 5). Plaintiff responds that Defendant was aware of Michael Braddy, that Defendant is barred by estoppel and waiver from asserting that Plaintiff made material

---

[2] The Complaint does not allege Michael Braddy's identity or relationship to the Plaintiff. Plaintiff does not contest that an accurate application would have listed Michael Braddy.

misrepresentations, and that rescission is an affirmative defense and thus not a basis for dismissal of the Complaint. (Response, Doc. 11).

## II. Motion to Dismiss

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). "'[D]etailed factual allegations'" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). Facial plausibility requires the plaintiff to plead facts allowing "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 679.

## III. Analysis

Under Florida law,[3] rescission is an affirmative defense. See Joseph Bucheck Constr. Corp. v. W.E. Music, 420 So. 2d 410, 414-15 (Fla. 1st DCA 1982); see also Fabric v. Provident Life & Accident Ins. Co., 115 F.3d 908, 910 (11th Cir. 1997). "Generally, the

---

[3] "Where federal jurisdiction is based on diversity of citizenship, the substantive law of the forum state applies." Flintkote Co. v. Dravo Corp., 678 F.2d 942, 945 (11th Cir. 1982) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938)). This case was removed to federal court based on diversity of citizenship under 28 U.S.C. § 1332. (See Notice of Removal & Compl.). The forum is in Florida, and both parties cite Florida law. (Mot. Dismiss & Resp.). Accordingly, this Court applies Florida law to substantive questions in this case.

3

existence of an affirmative defense will not support a motion to dismiss." Quiller v. Barclays Am./Credit, Inc., 727 F.2d 1067, 1069 (11th Cir. 1984). However, "a complaint may be dismissed under Rule 12(b)(6) when its own allegations indicate the existence of an affirmative defense, so long as the defense clearly appears on the face of the complaint." Id.; see also Cottone v. Jenne, 326 F.3d 1352, 1357 (11th Cir. 2003). To dismiss a complaint based on an affirmative defense, the complaint must "'affirmatively and clearly show[] the conclusive applicability of the defense to bar the action.'" Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1277 (11th Cir. 2004) (quoting Reisman v. Gen. Motors Corp., 845 F.2d 289, 291 (11th Cir. 1988)). Accordingly, this Court must determine whether the allegations in the Complaint clearly show that rescission bars this action.

Florida law provides that "a misrepresentation, omission, concealment of fact, or incorrect statement" on an application for an insurance policy "may prevent recovery under the contract or policy only if any of the following apply: (a) The misrepresentation, omission, concealment, or statement is fraudulent or is material to the acceptance of the risk or to the hazard assumed by the insurer[; or] (b) If the true facts had been known to the insurer pursuant to a policy requirement or other requirement, the insurer in good faith would not have issued the policy or contract, would not have issued it at the same premium rate, would not have issued a policy or contract in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss." § 627.409(1), Fla. Stat. Where a misrepresentation in an application meets these requirements, "the insurer, as a matter of right, may unilaterally rescind." Fabric, 115 F.3d at 912. Rescission does not require knowledge or fraud on the part of the applicant. Id. at 913. The insurance company may be able to validly rescind the contract even if an applicant informs an insurance agent

4

of the relevant facts at the time of application. See id. "It is presumed that a person who signs a policy application does so with the intent to authenticate it, and become bound thereby." Nationwide Mut. Fire Ins. Co. v. Kramer, 725 So. 2d 1141, 1143 (Fla. 2d DCA 1998).

Accordingly, if an insurer shows that a misrepresentation in an insurance application was material to the acceptance of the risk or the hazard assumed by the insurer, it can rescind the policy. Courts have found that the omission of household residents on automobile insurance applications may be material and justify rescission. See, e.g., United Auto. Ins. Co. v. Salgado, 22 So. 3d 594, 597 & 604 (Fla. 3d DCA 2009). While materiality may be so clear that it can be shown as a matter of law, generally it is a factual issue. Mims v. Old Line Life Ins. Co. of Am., 46 F. Supp. 2d 1251, 1256 & 1261 (M.D. Fla. 1999).

Plaintiff argues that Defendant is estopped and waived its right to rescind the policy because the agents were aware of the inaccuracies on the application but accepted Plaintiff's premium and issued an insurance policy. (See Resp. at 4-5). Generally, insurers are not required to conduct an additional inquiry into the statements made on an insurance application. See Miguel v. Metro. Life Ins. Co., 200 F. App'x 961, 969 (11th Cir. 2006); First Nat'l Bank Holding Co. v. Fid. & Deposit Co. of Md., 885 F. Supp. 1533, 1535 (N.D. Fla. 1995) (citing Indep. Fire Ins. Co. v. Arvidson, 604 So. 2d 854, 856 (Fla. 4th DCA 1992), rev. denied, 617 So. 2d 318 (Fla. 1993)). However, when an insurer learns of the alleged misrepresentations but does not rescind until much later, after taking actions that are inconsistent with rescission, courts may find that the insurer waived the right to claim rescission. See Frisbie v. Carolina Cas. Ins. Co., 103 So. 3d 1011, 1012 (Fla. 5th DCA 2012) (per curiam); but see Gurrentz v. Fed. Kemper Life Assurance Co., 513 So. 2d 241,

242 (Fla. 4th DCA 1987) (affirming the trial court's finding that the evidence supported rescission and that a waiver defense related to knowledge of an agent was insufficient to defeat the insurer's right to rescind the policy).

An insurer can be found to have knowledge of a misrepresentation based on its agent's knowledge; if the insurer grants an application and accepts insurance premiums anyway, an insurance company may waive the right of rescission. LeMaster v. USAA Life Ins. Co., 922 F. Supp. 581, 585-86 (M.D. Fla. 1996) (citing Johnson v. Life Ins. Co. of Ga., 52 So. 2d 813 (Fla. 1951)); see also Davies v. Owens-Illinois, Inc., 632 So. 2d 1065, 1066 (Fla. 3d DCA 1994) (per curiam). "Generally, waiver is a question of fact for the jury." Frisbie, 103 So. 3d at 1012 n.1. Additionally, an insurer can be estopped from asserting a rescission defense if an insured relied on the insurer's actions to the insured's detriment. See id. at 1012 & n.2.

Considering the allegations in the Complaint and the parties' arguments, Defendant has not shown that the defense of rescission conclusively applies. Therefore, Defendant's motion to dismiss the Complaint must be denied.

### IV. Conclusion

Accepting the allegations in the Complaint as true, Plaintiff has plausibly stated a claim for relief. Accordingly, it is hereby **ORDERED** and **ADJUDGED** that Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 8) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on March 10, 2015.

                                                JOHN ANTOON II
                                                United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties