# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JANIS BRADDY,

        Plaintiff,

v.                                 **Case No: 6:15-cv-119-Orl-28GJK**

INFINITY ASSURANCE INSURANCE
COMPANY,

        Defendant.

---

# ORDER

In this bad faith insurance case, Defendant Infinity Assurance Insurance Company moves to dismiss three of four counts alleged in Plaintiff Janis Braddy's Amended Complaint (Doc. 30) as being duplicative and premature. (Mot. Dismiss, Doc. 32). For the reasons set forth below, the motion is granted in part and denied in part.

## I.  Background

Infinity issued Plaintiff an automobile insurance policy with liability coverage on two vehicles. Michael Braddy—who apparently was a resident relative of Plaintiff[1]—got into an automobile collision with a third party while driving one of the insured vehicles. (Am. Compl., Doc. 30, at 3). Plaintiff submitted a claim pursuant to the policy, and Infinity responded by denying the claim and rescinding the policy because Plaintiff allegedly "failed to notify Infinity of Michael Braddy." (Id. at 3). Thereafter, Plaintiff was sued and a

---

[1] In their filings, the parties do not explain the relationship between Plaintiff and Michael Braddy.

judgment was entered against her state court. (Id. at 5).  "Infinity did not defend [Plaintiff] against, settle or pay the claim for the [automobile accident]."  (Id.).

Plaintiff then brought this suit in state court against Infinity, which was removed to this Court. (Notice of Removal, Doc. 1).  Plaintiff claims that at the time the policy was issued "Infinity had actual knowledge of the facts and circumstances surrounding [Plaintiff's] relationship to and residence of Michael Braddy." (Am. Compl. at 3).  Plaintiff further alleges that she "relied upon the [issued p]olicy . . . by operating motor vehicles and allowing Michael Braddy to operate her motor vehicle." (Id. at 4).  Plaintiff's Amended Complaint (Doc. 30) alleges four claims:  Insurance Code Violations pursuant to section 624.155, Florida Statutes (Count I); Breach of Duty of Good Faith and Fair Dealing (Count II); Breach of Contract (Count III); and Breach of Fiduciary Duty (Count IV).  Infinity argues that Counts I, II, and IV are all duplicative claims of "bad faith" and that they must be dismissed as premature because a claim for bad faith is not cognizable before the Court determines whether the insurance policy covers the underlying accident.

II.    **Analysis**

   A.    **Duplicative Claims**

"'Duplicative claims are those that stem from identical allegations, that are decided under identical legal standards, and for which identical relief is available.'"  Manning v. Carnival Corp., No. 12-22258-CIV, 2012 WL 3962997, at *2 (S.D. Fla. Sept. 11, 2012) (quoting Wultz v. Islamic Republic of Iran, 755 F. Supp. 2d 1, 81 (D.D.C. 2010)).  "To promote judicial economy, a court 'should dismiss claims that are duplicative of other claims.'"  Id. (quoting Wultz, 775 F. Supp. 2d at 81).

Counts I and II of the Amended Complaint are both third-party bad faith insurance claims[2]—the former brought under section 624.155, Florida Statutes and the latter under Florida common law. "Section 624.155(8) . . . provides that although a statutory cause of action for third-party bad faith does not preempt a common law cause of action, a claimant 'shall not be entitled to a judgment under both remedies.'" Macola v. Gov't Emps. Ins. Co., 953 So. 2d 451, 457 (Fla. 2006) (quoting Fla. Stat. § 624.155(8)).   Moreover, "[t]he language of section 624.155(8) expresses legislative intent not to preclude or limit common law third-party bad faith actions as those actions existed prior to the enactment of the statute." Id.   In short, "a third-party bad faith action can be pursued under both common law and the statute," id., with the restriction that "a claimant does not obtain double recovery by receiving separate judgments when proceeding with two different remedies." Id.   In light of Macola, I will not dismiss either Count I or Count II as being duplicative at this time. However, Plaintiff will not be able to recover under both claims.

Plaintiff also brings a claim for breach of fiduciary duty in Count IV.  I have previously held that a breach of fiduciary duty claim is duplicative of a third-party bad faith claim because the standard for breach of fiduciary duty is the same as that in a bad faith action. See Padilla v. Travelers Home & Marine Ins. Co., No. 6:14-CV-1770-ORL, 2015 WL 3454308, at *4 (M.D. Fla. May 29, 2015).  Count IV is duplicative of Counts I and II and is due to be dismissed.

---

[2] "Although the claim is brought by the insured against [her] insurer, the claim is known as a 'third party' bad faith action because the claim is based on the insurer's alleged bad faith in handling the third party's claim against the insured." GEICO Gen. Ins. Co. v. Harvey, 109 So. 3d 236, 239 n.1 (Fla. 4th DCA 2013).

**B.    Ripeness**

Coverage issues must be determined before a party can proceed with the prosecution of a bad faith action.  Cabrera v. MGA Ins. Co., No. 2:13-CV-666-FTM-38, 2014 WL 868991, at *3 (M.D. Fla. Mar. 5, 2014).  "A plaintiff must allege that there has been a determination not only of the amount of damages, but also that the insurance contract actually covered those damages."  Id.  The rationale behind this rule is that "'[i]f there is no insurance coverage, nor any loss or injury for which the insurer is contractually obligated to indemnify, the insurer cannot have acted in bad faith in refusing to settle the claim . . . . [and] the insured would suffer no damages resulting from its insurer's unfair settlement practices.'"  OneBeacon Ins. Co. v. Delta Fire Sprinklers, Inc., 898 So. 2d 113, 115 (Fla. 5th DCA 2005) (quoting Hartford Ins. Co. v. Mainstream Constr. Grp., Inc., 864 So. 2d 1270, 1272 (Fla. 5th DCA 2004)).

This case presents an unresolved question of coverage.  The allegations raised in Plaintiff's breach of contract claim state that Infinity had an obligation to indemnify and defend Plaintiff under the policy.  (Am. Compl. at 11–12).  This inherently presents a question of coverage because the policy states that "Infinity will settle or defend, as we consider appropriate, any claim or action *which is covered under the policy*. . . . We have no duty to settle or defend any claim or action *that is not covered under the policy*."  (Ins. Policy, Ex. B to Am. Compl., Doc. 30-2, at 4 (emphasis added) (original emphasis omitted)).  Plaintiff's assertion that "[n]o pleadings have been filed, which ask the Court to construe the insurance contract," (Pl.'s Resp. in Opp'n, Doc. 34, at 13), is incorrect, as both the Amended Complaint and Answer raise issues of coverage.[3]  (Answer, Doc. 33, at 4 ("The

_____

[3] In her response to the motion to dismiss, Plaintiff asserts several "affirmative defenses" that essentially seek to prevent Infinity from challenging the existence of

policy in question does not afford coverage for the loss in question as it was rescinded. . . . Plaintiff is making a claim for a loss which is not a covered loss . . . .")).  Moreover, that a judgment has been entered against Plaintiff does not affect the question of coverage under the policy, and the judgment in and of itself does not render the claims ripe.[4]  Because coverage is an issue that must be determined prior to the question of any alleged bad faith on the part of Infinity, Plaintiff's remaining third-party bad faith claims in Counts I and II are not yet ripe for adjudication.

The question now is whether the bad faith claims should be dismissed or abated. This question has been addressed by many courts—some favoring abatement, others favoring dismissal—and only recently has the Florida Supreme Court stated clearly that "abatement is an appropriate procedural device" when bad faith claims are brought simultaneously with claims for benefits under the policy.  Fridman v. Safeco Ins. Co. of Ill., No. SC13-1607, 2016 WL 743258, at *15 (Fla. Feb. 25, 2016).  In light of Fridman, which

---

coverage—an issue not before the court.  (Pl.'s Resp. in Opp'n at 12–17).  Infinity is not alleging in its motion that Plaintiff fails to state a claim that she was plausibly covered by the policy at the time of the accident.  Rather, Infinity is arguing that coverage has not yet been determined—a contention that Plaintiff does not deny.  In response, Plaintiff is either seeking to strike Infinity's affirmative defenses regarding coverage raised in its Answer or is proactively seeking to prevent Infinity from filing a declaratory judgment action on the issue of coverage.  As neither of those arguments is properly raised in a response to Infinity's Motion to Dismiss, Plaintiff's argument is rejected.

[4] Plaintiff's reliance on Commarata v. State Farm Fla. Ins. Co., 152 So. 3d 606, 612 (Fla. 4th DCA 2014), a first-party bad faith case involving property damage from a hurricane, is misplaced.  The primary dispute in that case was whether the insured's bad faith claim was ripe after the issue of coverage and the extent of damages had been determined.  Id. at 607.  The case presented no question of coverage or damages.  After a lengthy discussion of Florida Supreme Court precedent, the Commarata court ultimately stated that "we stand by our numerous prior opinions holding that, where the insurer's liability for coverage and the extent of damages have *not* been determined in any form, an insurer's liability for the underlying claim and the extent of damages must be determined before a bad faith action becomes ripe."  Id. at 613 (emphasis in original).

is in accord with several other decisions in this district, I conclude that even though "trial courts have the option of either abating or dismissing unripe bad faith claims," abatement is appropriate because it "offers at least the possibility of increased judicial efficiency for those bad faith claims that do become ripe." Gianassi v. State Farm Mut. Auto. Ins. Co., 60 F. Supp. 3d 1267, 1271 (M.D. Fla. 2014); see also Lawton-Davis v. State Farm Mut. Auto. Ins. Co., No. 6:14-CV-1157-ORL-37, 2014 WL 6674458, at *2 (M.D. Fla. Nov. 24, 2014). For this reason, Counts I and II will be abated rather than dismissed, pending resolution of Count III.

III.    **Conclusion**

In light of the foregoing, it is hereby **ORDERED** and **ADJUDGED** that:

1.    Infinity's Motion to Dismiss Counts I, II, and IV of Plaintiff's Amended Complaint (Doc. 32) is **GRANTED in part and DENIED in part**. The Motion is **GRANTED** insofar as it seeks dismissal of Count IV and to the extent it seeks to abate Counts I and II. In all other respects, the motion is **DENIED**.

2.    Count IV of the Amended Complaint is **DISMISSED WITH PREJUDICE**.

3.    Counts I and II of the Amended Complaint are **ABATED** pending resolution of Count III.

**DONE** and **ORDERED** in Orlando, Florida, on April 11, 2016.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties